Rachocki *v.* Berwind-White Coal Mining Company
(et al., Appellant).

Argued November 13, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Frederick F. Coffroth,* Special Assistant Attorney General, with him *Thomas E. Roberts,* Assistant Attorney General, *Raymond Kleiman,* Deputy Attorney General, and *William C. Sennett,* Attorney General, for State Workmen's Insurance Fund, appellant.

*Francis J. Leahey, Jr.,* with him *Eugene A. Creany,* and *Englehart, Creany, Englehart & Leahey,* for claimant, appellee.

*John T. Crum,* Special Assistant Attorney General, with him *Clyde M. Hughes, Jr.,* Assistant Attorney General, for Commonwealth, appellee.

OPINION BY WATKINS, J., December 10, 1969:

These are appeals by the State Workmen's Insurance Fund from decisions of the Workmen's Compensation Board dismissing a petition to terminate by the fund and granting a suspension of certain payments from the Commonwealth Occupational Disease Fund. The claimant, Anthony Rachocki, was injured on June 28, 1962, when, while lifting a scale into a car, he stepped into a hole and suffered a slipped disc. An agreement was entered providing for total disability. Compensation was paid under this agreement until March 4, 1963, when a supplemental agreement was executed providing for fifty (50) per cent partial disability payments. Payments under this agreement were paid until December 17, 1964. On July 31, 1963, a

claim petition was filed setting forth that the claimant was totally disabled as a result of anthracosilicosis as of June 14, 1963. This matter proceeded to a hearing and he received an occupational disease award as of June 14, 1963.

The Commonwealth on behalf of the Commonwealth Occupational Disease Fund filed a petition to suspend the occupational disease payments in view of the fifty (50) per cent disability payments as the result of the accident. The State Workmen's Insurance Fund filed a petition to terminate the partial disability payments.

A hearing was held and the State Fund did not present any testimony to sustain its burden of proof that all disability as a result of the accident had ceased. It took the position that the determination of total disability as a result of occupational disease terminated the partial disability payments as a matter of law.

The referee dismissed the termination petition and directed that fifty (50) per cent partial disability payments continue into the indefinite future until claimant's disability as a result of his accident changes or ceases, subject to the limitations of the Act.

As to the suspension petition, the referee ordered a partial suspension of payments from the occupational disease fund during the period that he has and will receive payments for partial disability as a result of the accident so that total payments to the claimant from both sources will not exceed the maximum amount he is entitled to under the Act.

The Workmen's Compensation Board affirmed the referee's determinations on termination and suspension. The Court of Common Pleas of Cambria County affirmed the Board.

The contention of the State Fund that since the claimant is totally disabled as a result of occupational disease that future payments under the accident award must cease as a matter of law is without merit. The referee and the Board had no evidence before it that

the back injury had changed any since the signing of the supplemental agreement fixing fifty (50) per cent disability. The burden of proof was on the fund and the referee had no other course except to dismiss. Anthracosilicosis is not always the sole cause of total disability; in many cases it is a contributing cause so, in this case, on the record, the back injury was responsible for fifty (50) per cent partial disability and the occupational disease brought about total disability. Anthracosilicosis is an insidious disease that generally progresses slowly to total disability and there is no evidence to show the effect the slipped disc had on the progress of the disease. As the court below aptly put it:

"The basic question raised is on the Board's sustaining of the Referee's allocation between insurers, i.e., refusing to terminate carrier's liability as to injury benefits and ordering a partial suspension as to carrier's liability re disease benefits, so that maximum permitted claimant by law was not exceeded. As was stated in the Shiery case, supra [Shiery v. Lauffer Tire Service, Inc. et al., 197 Pa. Superior Ct. 209, 177 A. 2d 455], 'It is readily apparent that claimant has become a pawn in what is essentially a controversy between two insurance carriers.'

"In the instant case, the carriers are State Workmen's Insurance Fund and Commonwealth Occupational Disease Fund. As was stated by appellant, State Workmen's Insurance Fund, in its able brief: 'We are dealing with a case where the Commonwealth stands in the shoes of successive employers, as it were an insurer.' We see no difference in adjudicating liability between two insurance carriers as was done in the Shiery case, and between the State Workmen's Insurance Fund and the Commonwealth Occupational Disease Fund in the instant proceedings, and so we hold."

The decision of the Court of Common Pleas of Cambria County is affirmed.